GREGG vs. GREGG.

ADMINISTRATION: *Sale of Real Estate for Payment of Debts.*

An order of the Circuit Court, while it had probate jurisdiction, for the private sale of the real estate of a decedent for the payment of debts, made without notice was erroneous.

ERROR to *Lincoln* Circuit Court.

Hon. J. A. WILLIAMS, Circuit Judge.

*L. A. & X. J. Pindall,* for plaintiff in error.

HARRISON, J. :

Edmond P. Gregg, administrator *de bonis non*, with the will annexed of James L. Govee, deceased, applied by petition to the Circuit Court of Lincoln County, then, October term, 1874, having original jurisdiction in matters of administration, for an order authorizing and empowering him to sell at private sale to E. M. Apperson & Co., at the price of $24,000, a plantation known as the Home Farm, belonging to his testator's estate, for the payment of the debts of the estate.

The petition stated that the claims—the time for the presenting of which had expired—presented and allowed against the estate, had amounted to $6230, the whole of which except some small portion, not exceeding the interest, remained unpaid ; and that in addition thereto, there had been created by Mary E. Govee, the late executrix, who had continued the cultivation of the plantation, a debt to E. M. Apperson & Co., of $10,012.95 ; and that there was no personal property with which to pay the debts of the estate.

That said E. M. Apperson & Co. were willing, and proposed if the court would authorize the sale, to purchase the plantation at the price of $24,000, and out of which pay the probated debts, and satisfy the indebtedness to themselves, and the remainder they would pay over to the widow, said Mary E. Govee, and the heirs of the testator ; and that the widow and the heirs, who were Lucie G. Gregg, Mollie Govee, and James L. Govee, all of whom were of age, had assented to the proposition, and in writing contracted with said E. M. Apperson & Co., to sell the plantation upon those terms.

Whether or not any provision in respect to the plantation was made in the will, in no manner appears.

The widow and heirs did not join in the petition.

No notice of the intended application was given.

The court granted the order, and James L. Govee, one of the heirs, has brought the case here by writ of error.

The widow and heirs had, if no provision as to the plantation was made in the will, most unquestionably the right to sell it and pay the debts of the estate, but it is clear that the court could only direct a sale in accordance with the provisions of the statute concerning sales of real estate for the payment of the debts of the estate, none of which were in this case complied with, and as so provided at public auction. Sections 168—180 Gantt's Digest.

The order of the Circuit Court is therefore reversed and set aside, and the cause is remanded with instructions to transfer the same to the Court of Probate of Lincoln County, for such proceedings as may be had in accordance with law.